**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| VS. | § | CRIMINAL NO. H-13-167 |
| | § § § § | |
| ANDREA TELLISON | § | |

**O R D E R**

Andrea Tellison was convicted of 14 counts of health-care fraud and 7 counts of aggravated identity theft arising from claims for payment that her business, Texas Durable Medical Company, submitted to Medicare and Medicaid. The indictment alleged that Ms. Tellison owned and managed the business, which submitted claims for medical supplies, particularly enteral nutrition and supplies, representing that they were medically necessary and delivered to beneficiaries even though they were not ordered by physicians or provided to beneficiaries. The jury found the defendant guilty on all counts. After a sentencing hearing that included testimony and evidence, the court sentenced Ms. Tellison to a 96-month prison sentence and imposed restitution of $1.2 million. A notice of appeal was filed on September 8, 2014, and an amended notice on September 9, 2014. On the same date, September 9, Ms. Tellison moved *pro se* for a new trial on the basis of sufficiency of the evidence and ineffective assistance of trial counsel. (Docket Entry No. 126). She also moved for judgment of acquittal for the same reasons. (Docket Entry No. 125). The government responded, opposing both. (Docket Entry No. 131, 132).

Assuming that this court retains jurisdiction to decide the motion for acquittal, there is no basis in the record to grant it. The evidence was sufficient to show that Texas Durable Medical

Company submitted medical claims for enteral nutrition and related items that were not provided or not medically necessary; that Ms. Tellison knew of the fraudulent billings; that Ms. Tellison played an active role in the billing; and that she signed claims falsely stating that she had physician orders when she did not and when she lacked authority to use the physician names and identification numbers that were submitted.

Nor is there a basis to grant the motion for new trial. The motion was filed nearly five months after the verdict—too late to assert any ground other than newly discovered evidence. *See* Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."). Ms. Tellison argues that there was fraud, but it was done by her brother, with whom she co-owned the business and who did the billing. But at trial, the evidence presented described the brother's role in the company as well as Ms. Tellison's role in the company. The jury heard evidence that many of the witnesses, including the Medicare contractor representatives conducting audits, knew the defendant as the owner and manager, and did not ever meet the brother. The agents testified that Ms. Tellison identified herself as the owner and manager; that the brother's role was to get more patients and to run the business when Ms. Tellison was not available; and that she was responsible for the company, including the billing, while the brother's role was primarily marketing. The jury had the evidence before it when it returned the guilty verdict. It is not newly discovered. And, as noted above, the evidence was sufficient to support the verdict.

Finally, the ineffective assistance of counsel argument was not timely raised in this court, although this does not foreclose raising it in a later 28 U.S.C. § 2255 motion. *See United States v. Brown*, 553 F.3d 768, n.93 (5th Cir. 2008) ("In this circuit, a Rule 33 motion, filed more than [14] days after the verdict and premised on 'newly discovered evidence,' is an improper vehicle for

raising a claim of ineffective assistance of counsel." (quotation omitted)).

The motions for judgment of acquittal and for a new trial are denied.

SIGNED on October 21, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge